liSAUNDERS, Judge.
This appeal arises from the grant of a summary judgment by the trial court in favor of Fidelity and Casualty Insurance Company of New York (hereinafter Fidelity), in which the sole appellant, State of Louisiana, Department of Health through the Calcasieu Parish Health Unit (hereinafter State), was ordered to pay the amount of $17,754.23 plus interest to appellee/intervenor, Fidelity. We affirm.

FACTS

On March 31, 1989, Sheila Miller, plaintiff in the original action, was severely and permanently injured during the course and scope of her employment. Mrs. Miller, an employee for Miller’s Sheet Metal, was the only member of her family injured as a result of the accident, and the other plaintiffs in the lawsuit, Robert Miller and Jared Chaumont, had only loss of consortium claims.
As a result of the accident, Fidelity paid a total of $28,022.03 in workers’ compensation benefits to or on behalf of Ms. Sheila Miller. Thereafter, Fidelity intervened in the instant tort suit filed by Sheila Miller against the State of Louisiana, Department of Public Health and Calcasieu Parish Health Unit.
In 1991, Fidelity received $10,267.80 which was deposited into the registry of the court by another third party, thereby leaving an outstanding balance of $17,754.23. The record indicates that both the plaintiffs and the State of Louisiana knew that Fidelity had a remaining intervention.
Thereafter on March 4,1994, a motion and order of dismissal with prejudice was filed into the record dismissing Sheila Miller’s claim against all defendants alleging that a settlement had been reached. In fact, the State of Louisiana had paid the minor son, Jared Chaumont, $77,500.00 for his loss of consortium claim. Fidelity contends that it was not included in any settlement negotiations or agreements and was never advised of such as required by law. Fidelity then filed a motion for summary judgment to recover its workers’ compensation benefits which were still outstanding. Hearing on the motion for summary judgment was held on April 21, 1995. The trial court ^granted the motion for summary judgment in favor of Fidelity in the amount of $17,754.23, plus interest.
Appellant, State of Louisiana, contends that since the settlement by the State was paid to Jared Chaumont and not Sheila Miller, Fidelity is barred from recoupment on this payment. The trial judge felt that this was not a payment solely to the minor, Jared Chaumont, but rather a payment to all three plaintiffs and stated that such payment seemed to be an attempt at a diversion on the part of the appellants.

J¿AW AND ARGUMENT

This litigation results from Sheila Miller, the original plaintiff, releasing the appellant, State of Louisiana, Department of Health and Calcasieu Parish Health Unit, after the appellant settled with Ms. Miller’s minor son for $77,500.00 for his loss of consortium claim. The trial judge found it odd that Ms. Miller, who received the injuries, would release the defendant voluntarily without receiving any compensation from this defendant. The trial court granted the motion for summary judgment in favor of Fidelity in the amount of $17,754.23 plus interest, and gave oral reasons stating that the “device of agreeing to give the money to the minor, Jared Chaumont, looks suspiciously as if the parties were seeking to avoid the payment of the balance due Fidelity, the compensation insurer, and so they came up with this attempt at a diversion.”
Neither the original plaintiffs, nor the appellants proved that the minor, Jared Chau-mont, had damages that would dictate such a large loss of consortium settlement. In fact, after a review of the record, we find that this type of payment indicates a potential collusion between the parties involved. We do not feel that the legislature intended the loss of consortium claim to be used to circumvent an intervenor’s claim. When this record is viewed in its entirety, it is clear that the release of the defendant by the mother upon a large settlement payment to her son amounts to legal manipulation which the trial *624 court was not willing to allow. We concur in this reasoning.
In Moore v. Gencorp, Inc., 93-0814 (La. 3/22/94), 633 So.2d 1268, the supreme court stated that if the intent of the legislature is clear, that it is the end of the matter; courts must give effect to unambiguously expressed intent of the legislature if its application does not lead to absurd consequences. The legislature 14clearly intended in La.R.S. 23:1102(C)(1) that the workers’ compensation insurer who intervenes in a suit which the employee has against a third party shall have priority to recoup all benefits paid and that in the event of any settlement negotiations or compromise, the insurer shall be notified of said negotiations.
In the case before us, appellants are attempting to use the consortium claim as a means to circumvent the effect of La.R.S. 23:1102(0(1). The type of switched payment and release with which we are here presented reminds one uncomfortably of a carnival shell game. Indeed, we concur in the trial judge’s skepticism and his conclusion that the settlement payment was made to all of the plaintiffs. Accordingly, we rule, as did the trial judge, that the settlement concocted by the parties which was paid by the appellants was for the benefit of all plaintiffs.

CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. The trial court was correct in awarding $17,754.23 plus legal interest to Fidelity and granting motion for summary judgment. Appellants are cast with all costs of these proceedings.
AFFIRMED.