838 So.2d 1 (2002)
CERTIFIED FINANCE, INC.
v.
Rebecca CUNARD, A. Gill Dyer, Hillary Thomas Murphy and an Unnamed Partnership/Joint Venture Composed of Rebecca A. Cunard, A. Gill Dyer and Hillary Thomas Murphy.
No. 2001 CA 0797.
Court of Appeal of Louisiana, First Circuit.
April 17, 2002.
Rehearing Denied May 30, 2002.
Writ Denied October 14, 2002.
Keith P. Richards, Baton Rouge, Counsel for Plaintiff/Appellant Certified Finance, Inc.
A. Shelby Easterly, III, Connie M. Eversberg, Denham Springs, Rick A. Caballero, Baton Rouge, Counsel for Defendant/Appellee Rebecca A. Cunard.
Frank P. Simoneaux, Baton Rouge, Counsel for Amicus Curiae Simoneaux Carlton Dunlap & Olinde, L.L.P.
Before: CARTER, C.J., CLAIBORNE[1] and LANIER,[2] JJ.
CARTER, C.J.
Certified Finance, Inc. (Certified) appeals from a summary judgment dismissing its action against Rebecca A. Cunard (Cunard). We granted leave to the law firm of Simoneaux Carlton Dunlap & Olinde, L.L.C., to appear as amicus curiae.

*2 FACTS AND PROCEDURAL HISTORY
On June 28, 2000, plaintiff filed its Petition on Promissory Note and For Unjust Enrichment against Cunard, A. Gill Dyer (Dyer), Hillary Thomas Murphy (Murphy), and an unnamed partnership/joint venture ("joint venture") composed of Cunard, Dyer, and Murphy. Certified's petition alleges that on August 17, 1992, Cunard, Dyer and Murphy formed the joint venture to pursue products liability actions on behalf of breast implant recipients, and that, in order to fund the prosecution of legal actions on behalf of the joint venture clients, Dyer approached Certified to lend money to the joint venture for the significant medical expenses and court costs associated with the joint venture's breast implant cases. The petition further alleges that from 1992 through September 1995, Certified lent money to the joint venture, which funds were used for the benefit of the joint venture. Each time Certified lent money to the joint venture, either Dyer or Dyer and Murphy signed a new promissory note representing the total indebtedness to Certified. The last note Dyer and Murphy signed on behalf of the joint venture is dated September 11, 1995, in the principal amount of $1,676,153.44, bearing interest at a rate of 21.03% per annum. It provided for 25% attorney fees if placed in the hands of an attorney for collection and is payable on demand. Certified further alleged that despite amicable demand, defendants have failed to pay the balance.
Cunard responded to the petition by filing a motion for summary judgment, asserting that she did not execute the promissory note and, as a matter of law, no debt exists under the promissory note sued upon. Cunard further asserted the doctrine of res judicata because Certified's claim under the promissory note had been reduced to judgment in the matter entitled "Certified Finance, Inc. v. A. Gill Dyer and Hillary Thomas Murphy," docket number XXXX-XXXX, on the records of the Civil District Court for the Parish of Orleans. Following a hearing, the motion for summary judgment was granted, and judgment was rendered in favor of Cunard and against Certified, dismissing Certified's suit. Certified appeals.

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo. Doerr v. Mobil Oil Corp., XXXX-XXXX, p. 27 (La.12/19/00), 774 So.2d 119, 136, corrected on rehearing, XXXX-XXXX (La.3/16/01), 782 So.2d 573. It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. LSA-C.C.P. art. 966C(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966C(2). Shelton v. Standard/700 Associates, XXXX-XXXX, pp. 5-6 (La.10/16/01), 798 So.2d 60, 65.

DISCUSSION
Louisiana Revised Statute 13:4231 provides:

*3 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. (Emphasis added).
Res judicata is an objection usually raised by a peremptory exception.[3] It is an issue preclusion device found both in federal law and in state law. Prior to the amendments to Louisiana res judicata law, effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. The purpose of both federal and state law on res judicata is essentially the sameto promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, pp. 11-12 (La.1/16/96), 666 So.2d 624, 631.
The original Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. A decided case precluded a second suit only if it involved the same parties, the same cause of action and the same object of demand as the prior suit. However, under LSA-R.S. 13:4231, as amended in 1990, effective January 1, 1991, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Terrebonne Fuel, 666 So.2d at 632.
Furthermore, the doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Leon v. Moore, 98-1792, p. 5 (La.App. 1 Cir. 4/1/99), 731 So.2d 502, 504-05, writ denied, 99-1294 (La.7/2/99), 747 So.2d 20.
In addition to LSA-R.S. 13:4231, LSA-C.C.P. art. 425 provides that a party "shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." The comments to this article, also amended in 1990, effective January 1, 1991, state that the amendment "expands the scope of this Article to reflect the changes made in the defense of res judicata and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised." LSA-C.C.P. art. 891 was also amended and provides that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." The comments explain:
This Article is amended to reflect the changes made in the defense of res judicata. *4 Except as otherwise provided by law, the plaintiff is required to set forth the facts of the transaction or occurrence that is the subject matter of the litigation, and not merely the facts supporting the cause of action asserted, because all causes of action arising out of that transaction or occurrence are considered to have been submitted for adjudication and will be barred or merged in the judgment.
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. LSA-R.S. 13:4231; LSA-C.C.P. art. 425; Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079; Leon, 731 So.2d at 504. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Jackson v. Iberia Parish Gov't, 98-1810, p. 9 (La.4/16/99), 732 So.2d 517, 524; Terrebonne Fuel, 666 So.2d at 634. Once a final judgment acquires res judicata status, no court has jurisdiction to change the judgment. Avenue Plaza, L.L.C., 676 So.2d at 1079.
Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided. Hudson v. City of Bossier, 33,620, p. 7 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, 743, writ denied, 2000-2687 (La.11/27/00), 775 So.2d 450.
Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Berrigan v. Deutsch, Kerrigan & Stiles, LLP, XXXX-XXXX, p. 5 (La. App. 4 Cir. 1/2/02), 806 So.2d 163, 167.
Certified initially asserts that the trial court erred in granting summary judgment based on res judicata because there was no "identity of parties" between the Orleans Parish suit and the instant action. Identity of the parties does not mean that the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. Hudson, 766 So.2d at 743. The parties are required to be the same "only in the legal sense of the word." Berrigan, 806 So.2d at 167.
Following the federal law from which our new res judicata statute was taken, Louisiana courts have held that the preclusive effect of a judgment binds the parties to an action and the nonparties who are deemed the "privies" of the parties in three limited circumstances: 1) the nonparty is the successor in interest of a party; 2) the nonparty controlled the prior litigation; and 3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. Thomas v. Janzen, 35,288, pp. 12-13 (La.App.2d Cir.10/31/01), 800 So.2d 81, 89; Condrey v. Howard, 28,442, p. 5 (La.App. 2 Cir. *5 8/21/96), 679 So.2d 563, 566-67, writ denied, 96-2335 (La.11/22/96), 683 So.2d 281, citing Meza v. General Battery Corp., 908 F.2d 1262 (5th Cir.1990). The concepts of control and virtual representation are narrowly construed and are not satisfied merely by showing that the party and the nonparty have common or parallel interest in the factual and legal issues presented in the respective actions. Thomas, 800 So.2d at 89.
Certified sued Dyer and Murphy in Civil District Court on the same promissory note for the same debt as in the present case. Judgment was signed on April 4, 2000, in Civil District Court in favor of Certified. But the present suit against Cunard alleges she is liable under an unjust enrichment theory because the funds that Certified provided "inured to [defendants'] benefit and made it possible for them to pursue lucrative breast implant claims at Certified's expense."
While the present action arises out of the occurrence that was the subject matter of the prior action, we agree with Certified that Cunard was not a privy to the Orleans Parish suit. She is not Dyer and Murphy's successor in interest, she certainly did not control the Orleans Parish litigation, and Dyer and Murphy were not Cunard's virtual representatives. While their interests were aligned from the standpoint that all three now seek to prevent being cast in judgment to Certified, Dyer and Murphy had no reason to take steps in the Orleans Parish suit to defend an unjust enrichment claim against Cunard.
Cunard was not named in the prior suit, nor was an unjust enrichment claim raised in that suit. She was not sued as a co-maker of the note. Had she been sued as a co-maker in the original suit, and had the unjust enrichment claim not been raised, the result today would likely be different. Cunard was not sued in the Orleans Parish suit, nor was she virtually represented, i.e., there was no one in that suit in the same capacity or quality as Cunard. Thus, we find that Certified has failed to carry its burden of establishing beyond all question the necessary element of identity of the parties.
Finding merit in Certified's first assignment of error, that the trial court legally erred in granting summary judgment because there was no identity of parties, we need not address Certified's remaining assignments of error.

CONCLUSION
For the foregoing reasons, the January 16, 2001 judgment of the trial court in Cunard's favor, dismissing Certified's suit, is reversed, and this case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Cunard.
REVERSED AND REMANDED.
NOTES
[1] Honorable Ian W. Claiborne, Judge (retired), is serving pro tempore by special order of the Louisiana Supreme Court.
[2] Honorable Walter I. Lanier, Jr., Judge (retired), is serving pro tempore by special order of the Louisiana Supreme Court.
[3] See LSA-C.C.P. art. 927. In this case, however, it was raised as part of a motion for summary judgment.