838 So.2d 109 (2003)
Chuck BREAUX and Cindy Breaux
v.
DAUTERIVE HOSPITAL CORPORATION, et al.
No. 02-1072.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
Allen R. Ingram, Lafayette, LA, for Plaintiffs/Appellees: Chuck and Cindy Breaux.
Edward P. Landry, Landry, Watkins, Repaske & Breaux, New Iberia, LA, for Defendant/Appellant: Doerle Food Service.
Joel E. Gooch, Allen & Gooch, Lafayette, LA, for Defendant/Appellee: Dauterive Hospital Corporation.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and ELIZABETH A. PICKETT, Judges.
WOODARD, Judge.
In this complex workers' compensation case, Doerle Food Service, Inc., the Employer/Intervenor, appeals the trial court's refusal to grant it a credit for any payment of future medical expenses from the money which Mr. Chuck Breaux received in a settlement with Dauterive Hospital, the third-party tortfeasor. For the following reasons, we affirm.

* * * * *
While in the course and scope of his employment with Doerle Food Service, Inc., (Doerle), on January 27, 1998, Mr. Breaux injured both of his knees. Dr. William Cenac, an orthopedic surgeon, *110 performed immediate surgery on the right knee. After reaching maximum medical improvement on it, Dr. Cenac scheduled surgery for the left knee. On May 15, 1998, three hours after an unremarkable operation, a nurse at Dauterive Hospital, inadvertently, released Mr. Breaux's leg before he was prepared to stand. All of his weight shifted to the newly operated knee, causing him to squat and tear all of the surgical repairs in it. On June 10, 1998, Dr. Cenac surgically repaired the damage. Three days later, Mr. Breaux developed a blood clot in his left leg, which required hospitalization for two weeks. One year later, Dr. Cenac performed, yet, another operation to remove the protruding metal wires from Mr. Breaux's left knee.
Mr. Breaux filed suit against Dauterive Hospital for the nurse's negligence. Doerle intervened for the compensation and medical expenses incurred and payable to Mr. Breaux due to the nurse's negligence. With Doerle's permission, Mr. Breaux settled his claim, against the hospital and the Louisiana Patient Compensation Fund, for a total of $430,000.00. The amount of intervention totaled $104,642.16.
Mr. Breaux and Doerle entered a joint stipulation in which they resolved all issues except whether the workers' compensation insurer was entitled to a credit for future compensation obligations, including wages and medical expenses, when the amount, which Dauterive paid, exceeded that needed to reimburse the compensation carrier. The trial court heard the issue and ruled in Mr. Breaux's favor. It ordered Doerle to pay all medical expenses, relating to the injuries that Mr. Breaux sustained in the January 27, 1998 accident, as well those relating to the injuries at Dauterive Hospital on May 15, 1998. It, also, refused to grant Doerle a credit for any payment of future medicals from the settlement which Mr. Breaux received from Dauterive Hospital. Doerle appeals.

* * * * *

STANDARD OF REVIEW
It is well settled that we may not set aside a trial court's findings, absent manifest error.[1] However, where one or more legal errors are present, the manifest error standard is no longer applicable. In that case, if the record is, otherwise, complete, we should make our own independent de novo review of the record.[2]

EMPLOYER'S FUTURE OBLIGATIONS
Doerle contends that the trial court erred in refusing to grant it a credit for future compensation obligations, mainly, future medical benefits, where the settlement exceeded the amount of the intervention. La.R.S. 23:1103(A)(1), the applicable statute in the case at bar, provides:
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse *111 the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.
(Emphasis added.)
Clearly, Doerle may recover the amount it paid, to Mr. Breaux, in workers' compensation benefits, because of the incident that occurred at Dauterive Hospital. However, we must determine whether La. R.S. 23:1103 contemplated that the compensation obligation includes future medical benefits.
We look to two cases for guidance. First, in the fourth circuit's decision in Strain v. Mitchell Mfg. Co., et al.,[3] which follows our supreme court ruling, the defendant in that case appealed the trial court's ruling in the plaintiff's favor for damages sustained while attempting to fold a table. The intervenor sought modification of the award to provide credit for future workers' compensation benefits that might be due. That court stated:
Under La.R.S. 23:1103 a compensation carrier is entitled to be reimbursed all it has actually paid out to the injured party as of the date the judgment becomes final. The excess of the award is paid to the injured party. Thereafter, the compensation carrier should be given a credit on all sums it may come to owe in the future to, or on behalf of, the injured party up to the extent of payment of the tort recovery to the injured party. Until this excess is exhausted, the carrier should be obligated to make no further compensation payments or medical benefits. After exhaustion of the excess, if further compensation payments or benefits should become due, the carrier should then become obligated to resume payments.
Mary argues that if the School Board is entitled to a credit for future medical payments due under the law then the jury award for future medical expenses should be reinstated. Cases subsequent to Billeaud [v. United States Fidelity & Guar. Co., 349 So.2d 1379 (La.App. 3rd Cir. 1977)] have refused to follow its holding as to medical benefits therefore, the School Board is not entitled to a credit for future medical expenses.
The Supreme Court ruled on this issue in Fontenot v. Hanover Ins. Co.[, 385 So.2d 238 (La.1980)] In Fontenot a worker's compensation insurer sought reimbursement for medical expenses paid out of an employee's judgment for damages for her pain and suffering. The Supreme Court wrote:
The underlying policy of the worker's compensation statute provisions for apportionment of damages between employer and employee in suits against third persons merely prevents an employee's double recovery for his injuries; it does not require an employee to reimburse out of his award for pain and suffering medical expenses which he failed to recover from a third party tortfeasor."
(Citations omitted.)
Moreover, in Brooks v. Chicola, et al.,[4] our supreme court found that: *112 [R]eimbursement to the compensation insurer in this case must necessarily be limited only to the damage awards for loss of earnings and medical expenses. An injured worker, as any other tort victim, is entitled to his full recovery for non-economic losses. There should be no reduction in his award for the pain and suffering element simply to give a compensation insurer full reimbursement. As we stressed in Fontenot, the Louisiana Worker's Compensation Law only requires reimbursement to the extent that damages for lost wages and medical expenses are recovered from a third party tortfeasor. No preference is granted to the compensation intervenor over the employee's award for pain and suffering. In this way, the true purpose of the compensation law will be fulfilled. As we have frequently stated, the law must be given a liberal interpretation to effect its beneficent purpose of relieving workers of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce. The above interpretative analysis of La. R.S. 23:1103 fulfills this methodology and purpose and is reflective of what we construe to be the legislative intent.
(Emphasis added. Citations omitted.) It continued:
It necessarily follows that credit for future compensation likewise must be limited to the award for future loss of earnings. To allow reimbursement and credit beyond this would reduce the injured worker's recovery for non-economic losses. It would also be contrary to the liberal interpretation afforded the compensation act and the humanitarian spirit within which it was enacted.[[5]]
Although Brooks has been legislatively overruled regarding another principle, it continues to stand for the premise that the workers' compensation insurer is not entitled to a credit for future medical benefits, even when the amount, which the third-party tortfeasor paid in settlement, exceeds that sufficient to reimburse the compensation carrier.
Moreover, had the Louisiana Legislature wanted to include future medical benefits as part of compensation obligations for which a credit is due, presumably, it would have done so when it amended that statute in 1997. We affirm the trial court's judgment.

CONCLUSION
Doerle Food Service, Inc. appealed the trial court's refusal to grant it a credit for any payment of future medical expenses from the money which Mr. Breaux received in a settlement with Dauterive Hospital. We affirm, finding that the trial court did not err.
AFFIRMED.
NOTES
[1] Rosell v. ESCO, 549 So.2d 840 (La.1989).
[2] Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La.2/20/95); 650 So.2d 742, 747, rev'd in part, on other grounds, 96-3028 (La.7/1/97); 696 So.2d 569.
[3] 534 So.2d 1385 (La.App. 4 Cir.1988), writ denied 537 So.2d 1165 (La.1989).
[4] 514 So.2d 7, 13-14 (La.1987).
[5] Id. at 14.