# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-636

CITY OF DEQUINCY

VERSUS

RANDY JAMES HENRY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 06-05331
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and Billy Howard Ezell, Judges.

**AFFIRMED.**

Steven Broussard
Broussard & Hart, LLC
1301 Common Street
Lake Charles, LA 70601
(337) 439-2450
Counsel for Defendant/Appellee:
    Randy James Henry

Christopher R. Philipp
Attorney at Law
P. O. Box 2369
Lafayette, LA 70502-2369
(337) 235-9478
Counsel for Plaintiff/Appellant:
    City of DeQuincy

**DECUIR, Judge.**

This workers' compensation appeal was brought by an employer, the City of DeQuincy, after its injured employee, Randy James Henry, successfully mediated a resolution of his third-party tort suit against CLECO Utility Group, Inc. The City sought to terminate all workers' compensation benefits, including future medical expenses, based on the allegation that Henry failed to obtain written approval of the settlement, thereby invoking the forfeiture provision of the workers' compensation statute. The trial court denied the City's motion to terminate benefits, found the City approved the settlement between Henry and CLECO, and denied the City's request for a credit against future medical expenses. For the following reasons, we affirm.

On November 26, 2000, while investigating the scene of an automobile accident, Henry, a patrolman with the City of DeQuincy, came into contact with a live electrical transmission wire belonging to CLECO. As a result, Henry suffered severe, totally disabling injuries. The City, through the Louisiana Municipal Risk Management Agency (RMI), initiated workers' compensation benefits. Henry filed a tort suit against CLECO, and the City intervened to recover the benefits paid to and on behalf of Henry. By the time of the mediated settlement at issue before us, the amount of indemnity and medical benefits paid totaled $481,567.47. Information in the sparse record before us indicates that future medical expenses will be substantial for this forty-nine-year-old former police officer who will apparently never work again.

After nine years of litigation, two prior visits to this court (*see Henry v. Barlow*, 04-1657 (La.App. 3 Cir. 5/4/05), 901 So.2d 1207, and *Henry v. Barlow and CLECO*, 06-283 (La.App. 3 Cir. 8/9/06), 937 So.2d 895, *writ denied*, 06-2592 (La. 1/12/07), 948 So.2d 153), and several writs to the supreme court, the parties finally

agreed to settle their differences with the help of a mediator. A date and time were scheduled and the mediator was selected. The City and its attorney, as well as RMI, were made aware of the upcoming mediation but specifically declined to attend. By email, however, the City agreed to waive one-third of its lien for attorney fees "to make the case settle," and forwarded to the mediator a document showing the exact amount of its lien as of the morning of the mediation. The City asked for no other concessions. During the course of the mediation, Henry and CLECO agreed to a full satisfaction of the City's lien, minus one-third for attorney fees, exactly what the City requested. The parties also agreed that Henry would have the right to allocate the settlement funds as he saw fit; consequently, no portion of the settlement funds were allocated for future medical expenses and $235,500.00 were allocated to Henry's wife and children as loss of consortium damages. In the days following the successful mediation, the City's attorney congratulated CLECO's attorney on the settlement.

The City then asserted a claim for a credit against Henry's net proceeds in the settlement for all future disability and medical payments. When Henry disagreed with the City's claim for a credit for future medical expenses, the City made the assertion that no written approval of the settlement had been given, and if Henry proceeded without that approval, he would forfeit all future compensation benefits. Henry did not dispute the City's right to a credit for future indemnity benefits. Henry then petitioned the court to declare the settlement approved; in response, the City sought judicial approval to terminate benefits. Once this litigation was initiated, the City released CLECO from all claims in exchange for a payment of $321,045.25, the full amount of its workers' compensation lien less one-third for attorney fees.

In cases involving settlement with a third party tortfeasor, the rights of an employer and workers' compensation insurer are governed by La.R.S. 23:1102, which provides in pertinent part:

B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.

C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the

3

employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La.7/1/97), 696 So.2d 551. In applying the manifest error standard, the appellate court determines whether the fact finder's conclusion was reasonable, not whether the trier of fact was right or wrong. *Id.* "[E]ven where the appellate court is convinced it would have weighed the evidence differently if it had been sitting as trier, the court of appeal may not reverse if the factfinder's findings are reasonable in light of the record reviewed in its entirety." *Winford v. Conerly Corp.*, 04-1278, p. 15-16 (La. 3/11/05), 897 So.2d 560, 569-70.

Upon review, we will not set aside the factual findings of the workers' compensation judge in the absence of manifest error. After taking the case under advisement, the trial court reached the following conclusions. First, the court specifically found the City had given prior written approval, via letters and emails, of the settlement between Henry and CLECO. Our review of the documentary evidence in the record reveals no manifest error in this factual conclusion. Prior to the mediated settlement, the City communicated its position regarding its lien, and Henry and CLECO proceeded with reliance on that position. Second, the court ruled that the City's credit for future compensation will not extend to future medical expenses. In support of this ruling, the court cited *Breaux v. Dauterive Hosp. Corp.*, 02-1072 (La.App. 3 Cir. 2/5/03), 838 So.2d 109, which we acknowledge is a correct statement of the law: "[T]he workers' compensation insurer is not entitled to a credit for future medical benefits, even when the amount, which the third party tortfeasor

4

paid in settlement, exceeds that sufficient to reimburse the compensation carrier." *Id.* at 112. Third, the court calculated a credit in favor of the City in the amount of $2,054,758.10, which reflected a deduction from the settlement proceeds of the loss of consortium damages apportioned to Henry's wife and children. The record discloses no manifest error in this calculation. Here, the loss of consortium damages represent only a small percentage of the entire settlement; by contrast, the court may have had reason to question the settlement apportionment had the consortium damages been out of proportion to the total settlement. (See, for example, *Miller v. La. Farm Bureau Cas. Ins. Co.*, 95-1087 (La. App. 3 Cir. 3/6/96), 670 So.2d 622, where the entire $77,500.00 settlement was designated as loss of consortium damages in favor of the tort victim's minor son.)

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the City of DeQuincy and RMI.

**AFFIRMED.**