# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 10-1092


**JAMES MERCER**

**VERSUS**

**NABORS DRILLING USA, L.P.**

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
HONORABLE JAMES BRADDOCK, PRESIDING
**********

**SYLVIA R. COOKS
JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell, and Shannon J. Gremillion, Judges.

**REVERSED, JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS**.

.

**Broussard, Halcomb & Vizzier**
**Roy S. Halcomb, Jr.**
**P.O. Box 1311**
**Alexandria, LA 71309-1311**
**Attorney For Plaintiff/Appellant**
    **James Mercer**

**Galloway, Johnson, Tompkins, Burr & Smith**
**Kevin A. Marks**
**Jessie Schott Haynes**
**701 Poydras Street, Suite 4040**
**New Orleans, LA 70139**
**Attorneys For Defendant/Appellee**
    **Nabors Drilling, USA, LP**

**COOKS, Judge.**

<u>                    </u>**FACTS AND PROCEDURAL HISTORY**

James Mercer (Mercer) sued a third-party tort feasor for injuries allegedly sustained in a job-related accident. His employer, Nabors Drilling USA, LP, (Nabors) intervened in the suit. Mercer reached a settlement with the third-party tort feasor for an amount which exceeded the sum owed as reimbursement to Nabors. It is undisputed that Nabors did not provide express written approval of the settlement. However, Nabors agreed to the amount it was to be paid as reimbursement for compensation payments and medical payments, and agreed to deduct from that amount a share of the attorney fees and costs incurred by Mercer. Mercer reimbursed Nabors the full amount of compensation and medical benefits which Nabors paid, less its proportionate share of attorney fees and costs as agreed. By virtue of the full payment to Nabors, Mercer sought to reserve his statutory right to future benefits owed in accordance with the provisions of La.R.S. 23:1101 et seq.

After full reimbursement to Nabors, Mercer made demand on Nabors to pay medical benefits for medical costs incurred after the settlement. Nabors refused and terminated all benefits until such time as an amount equivalent to Mercer's total recovery is used up, dollar for dollar. Mercer filed a claim with the Office of Workers' Compensation (OWC). Nabors filed a motion for summary judgment maintaining that the previous decisions of this court on the issue of continued payment of medical benefits in these circumstances are not controlling and that the OWC should apply La.R.S. 23:1103(A)1 as though the word "compensation" in that statute includes medical benefits. The OWC granted Nabors' motion and dismissed Mercer's complaint. Mercer appeals maintaining that the prior decisions of this court in *Breaux v. Dauterive Hosp. Corp.*, 02-1072 (La.App. 3 Cir. 2/5/2003), 838 So.2d

1

109, and *Dequincy v. Henry*, 09-636 (La.App. 3 Cir. 12/9/2009), 25 So.3d 237, *writ granted*, 10-70 (La. 4/30/10), 34 So.3d 296, are controlling and that the OWC erred in refusing to follow the clear holding in those cases. The OWC held that because Nabors did not give express written approval of the settlement, the matter is distinguishable from these decisions, and under its reading of La.R.S. 23:1102 and 1103 granted Nabors' motion for summary judgment dismissing Mercer's claims for compensation including future medical benefits.

## ANALYSIS

"[W]here one or more legal errors are present" we do not apply the manifest error standard of review but instead conduct a de novo review of the record. *Breaux,* 838 So. 2d at 109. The facts of this case are not in dispute. Mercer settled with a third-party tort feasor without obtaining an express written approval of the intervenor/employer, Nabors. Mercer thereafter reimbursed Nabors in full for all compensation paid and medical benefits paid prior to the settlement in accord with Nabors' agreement as to the amount to be reimbursed less a share of the attorney fees and costs it agreed to credit against that sum. Louisiana Revised Statutes 23:1102 provides in pertinent part (emphasis added):

> A. (1) If the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
>
> [(2)]
>
> B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise less attorney fees and costs

2

paid by the employee in prosecution of the third party claim and *only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise.* Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. *If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise*; except **in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise**. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.

In a recent decision by this court, we expressly stated that our decision in

*Breaux* "is a correct statement of the law":

The workers' compensation insurer is not entitled to a credit for future medical benefits, even when the amount, which the third party tort feasor paid in settlement, exceeds that sufficient to reimburse the compensation carrier.

*Dequincy*, 25 So.3d at 240. (Citing *Breaux*, 838 So. 2d at 112).

In *Breaux*, this court relied on the Louisiana Supreme Court's decisions in

*Fontenot v. Hanover Ins. Co.*, 385 So.2d 238 (La.1980), and *Brooks v. Chicola*, 514

So.2d 7 (La.1987). We find it instructive in the *Fontenot* case that the Louisiana

Supreme Court expressed the view that:

The underlying policy of the workers' compensation statute provisions for apportionment of damages between employer and employee in suits against third persons merely prevents an employee's double recovery for

3

his injuries; it does not require an employee to reimburse out of his award for pain and suffering medical expenses which he failed to recover from a third party tort feasor.

*Breaux*, 838 So.2d at 111, quoting *Fontenot.* Further, our decision in *Breaux* also relied on the Louisiana Supreme Court's decision in *Brooks,* which held that:

> [R]eimbursement to the compensation insurer in this case must necessarily be limited only to the damage awards for loss of earnings and medical expenses. An injured worker, as any other tort victim, is entitled to his full recovery for non-economic losses. **There should be no reduction in his award for the pain and suffering element simply to give a compensation insurer full reimbursement.** As we stressed in *Fontenot*, the Louisiana Workers' Compensation Law only requires reimbursement to the extent that damages for lost wages and medical expenses are recovered from a third party tort feasor. No preference is granted to the compensation intervenor over the employee's award for pain and suffering. In this way, the true purpose of the compensation law will be fulfilled. As we have frequently stated, the law must be given a liberal interpretation to effect its beneficial purpose of relieving workers of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce. The above interpretative analysis of La.R.S. 23:1103 fulfills this methodology and purpose and is reflective of what we construe to be the legislative intent.

(emphasis added. citations omitted.) It continued:

> It necessarily follows that credit for future compensation likewise must be limited to the award for future loss of earnings. To allow reimbursement and credit beyond this would reduce the injured worker's recovery for non-economic losses. It would also be contrary to the liberal interpretation afforded the compensation act and the humanitarian spirit within which it was enacted.

> Although *Brooks* has been legislatively overruled regarding another principle, it continues to stand for the premise that the workers' compensation insurer is not entitled to a credit for future medical benefits, even when the amount, which the third-party tort feasor paid in settlement, exceeds that sufficient to reimburse the compensation carrier.

*Breaux,* 838 So.2d at 112. (alteration in original)

Nabors argues that the punitive provisions of La.R.S. 23:1102(B) should be read to mean that, as punishment for failing to obtain the employer's or insurer's approval of a compromise settlement, the employee who avails himself of the buy-

4

back provision in the statute loses the protection accorded him in the *Brooks* and *Breaux* decisions and leaves him liable to use up all of the monies he recovered from the third party tort feasor before the employer has to resume paying compensation and medical payments. We reject this argument as contrary to the holdings in *Fontenot*, *Brooks*, and *Breaux* and as contrary to Louisiana's workers' compensation law. First, we note, the statute provides that "*in no event* shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise." La. R.S. 23:1102 (B) (emphasis added). Thus Nabors' argument seeking entitlement to one hundred percent of Mercer's recovery, and the OWC's holding allowing such reimbursement, clearly contravene this express prohibition. More importantly, Nabors' argument, and the OWC's holding, ignore the express statutory provision which clearly states:

> *Notwithstanding* the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee. . .

La.R.S. 23:1102 (B) (emphasis added). "Notwithstanding" means what it says.

Because of the quasi-penal nature of the provision of La.R.S. 23:1002 (B) regarding forfeiture of benefits when the employee compromises without the employer's consent, it must be strictly construed. *See Darbonne v. M&M Right of Way Contractors*, 96-1730 (La.App. 3 Cir. 4/30/97), 693 So.2d 299. Additionally, the Louisiana Civil Code instructs us to interpret the meaning of statutes with reference to each other. La. Civ.Code art. 13. Thus we must apply the provisions of La.R.S. 23:1103 and 1102 to gain a full understanding of the statutory scheme of our workers' compensation laws so that, in accordance with the Louisiana Supreme Court's instruction in *Brooks*, we give full effect to the "beneficent purpose" of the

5

workers' compensation statutes which seek to relieve injured workers from the economic burden of a work-related injury by "diffusing the cost in the channels of commerce." *Brooks*, 514 So.2d at14. La R.S. 23:1103 provides:

> A. (1) In the event the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.

> (2) *No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.*

We have already recited and discussed the application of the provisions of La.R.S. 23:1103 (B) above in this matter.

It is important to note in this case that although Nabors did not give its express written consent to the compromise settlement made on behalf of Mercer, his wife and children as claimants in the third-party suit, Nabors did participate in the resolution of the third-party matter by agreeing to an amount it was to be repaid for its compensation and medical payments made to Mercer and agreeing to an amount to be deducted for attorney fees and costs. We note, under the workers' compensation statutory scheme, Nabors did not have to agree to a reduction in the form of a proportionate share of the attorney fees and costs where it did not agree to a compromise. And yet, Nabors agreed to such resolution of its claims, and now asserts that we should interpret the workers' compensation statutes so as to penalize Mercer

6

for not obtaining Nabors' written approval of the compromise settlement, through which they got paid what they asked to be paid, and we should ignore the express provisions of the statutory scheme intended to protect Mercer from this very threat. We find that such a ruling would be unfair to Mercer and not in keeping with the beneficent purposes of the workers' compensation statutes, and would run afoul of the Louisiana Supreme Court's decisions in *Fontenot* and *Brooks* as well as our previous decisions in *Breaux* and *Dauterive*. Nabors received what it asked to be paid, and even agreed to be paid less than it would have been entitled to receive under the workers' compensation statutes. Mercer fulfilled the requirement of the buy-back provisions of the statute, in accordance with Nabors' demand, which are meant to protect him as an injured worker and to limit the amount he must pay out of his third-party tort recovery before his employer must resume compensation payments, to an amount not to exceed, in any event, "fifty percent of the total amount recovered from the compromise." La.R.S. 23:1102(B). Under our prior decision in *Breaux,* and consistent with the Louisiana Supreme Court's holdings in *Fontenot* and *Brooks,* Nabors is not entitled to a credit for future medical benefits "even when the amount, which the third-party tort feasor paid in settlement, exceeds that sufficient to reimburse" the amounts paid prior to the settlement by Nabors. *Breaux,* 838 So.2d at 112. The summary judgment of the OWC is reversed and vacated. The case is remanded to the OWC for further proceedings consistent with this opinion.

**REVERSED, JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS**.