# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 10-1092

JAMES MERCER

VERSUS

NABORS DRILLING USA, L.P.

**• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •**

## ON REMAND
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 2, DOCKET NO. 09-07201
HONORABLE JAMES BRADDOCK, ADMINISTRATIVE LAW JUDGE
\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge; Sylvia R. Cooks, Jimmie C. Peters, Billy H. Ezell and Shannon J. Gremillion, Judges.

**REVERSED; JUDGMENT VACATED: REMANDED FOR FURTHER PROCEEDINGS**

Broussard, Halcomb & Vizzier
Roy S. Halcomb, Jr.
P.O. Box 1311
Alexandria, LA 71309-1311
Attorney For Plaintiff/Appellant
     James Mercer

Galloway, Johnson, Tompkins, Burr & Smith
Kevin A. Marks
Jessie Schott Haynes
701 Poydras Street, Suite 4040
New Orleans, LA 70139
Attorneys For Defendant/Appellee
     Nabors Drilling USA, LP

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

James Mercer (Mercer) sued a third-party tort feasor for injuries allegedly sustained in a job-related accident. His employer, Nabors Drilling USA, LP, (Nabors) intervened in the suit. Mercer reached a settlement with the third-party tort feasor for an amount which exceeded the sum owed as reimbursement to Nabors. It is undisputed that Nabors did not provide express written approval of the settlement. However, Nabors agreed to the amount it was to be paid as reimbursement for compensation payments and medical payments, and agreed to deduct from that amount a share of the attorney fees and costs incurred by Mercer. Mercer reimbursed Nabors the full amount of compensation and medical benefits which Nabors paid, less its proportionate share of attorney fees and costs as agreed. By virtue of the full payment to Nabors, Mercer sought to reserve his statutory right to future benefits owed in accordance with the provisions of La.R.S. 23:1101-1104.

After full reimbursement to Nabors, Mercer made demand on Nabors to pay medical benefits for medical costs incurred after the settlement. Nabors refused and terminated all benefits until such time as an amount equivalent to Mercer's *total recovery* is used up, dollar for dollar. Mercer filed a claim for benefits with the Office of Workers' Compensation (OWC). Nabors filed a motion for summary judgment maintaining that the previous decisions of this court on the issue of continued payment of medical benefits in these circumstances are not controlling and that the OWC should apply La.R.S. 23:1103(A) as though the word "compensation" in that statute includes medical benefits. The OWC granted Nabors' motion for summary judgment finding Nabors has a credit for "compensation, indemnity, loss wage type of compensation as well as for medical

expense compensation." The OWC dismissed Mercer's disputed claim for compensation seeking payment of new medical expenses. Mercer appeals maintaining that the prior decisions of this court in *Breaux v. Dauterive Hosp. Corp.*, 02-1072 (La.App. 3 Cir. 2/5/03), 838 So.2d 109, and *City of DeQuincy v. Henry*, 09-636 (La.App. 3 Cir. 12/9/09), 25 So.3d 237, *writ granted*, 10-70 (La. 4/30/10), 34 So.3d 296, are controlling and that the OWC erred in refusing to follow the clear holding in those cases. The OWC held that because Nabors did not give express written approval of the settlement, the matter is distinguishable from these decisions, and under its reading of La.R.S. 23:1102 and 1103, granted Nabors' motion for summary judgment dismissing Mercer's claims for compensation including future medical benefits.

## ANALYSIS

"[W]here one or more legal errors are present" we do not apply the manifest error standard of review but instead conduct a de novo review of the record. *Breaux,* 838 So.2d at 109. The facts of this case are not in dispute. Mercer settled with a third-party tort feasor without obtaining an express written approval of the settlement from the intervenor/employer, Nabors. Mercer thereafter reimbursed Nabors in full for all compensation paid and medical benefits paid prior to the settlement in accord with Nabors' agreement as to the amount to be reimbursed less a share of the attorney fees and costs it agreed to credit against that sum. Louisiana Revised Statutes 23:1102 provides in pertinent part (emphasis added):

> A.(1) If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
>
> ….

B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim and *only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise.* Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. *If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise*; except **in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise**. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.

In our initial decision on this matter we looked to this court's decision in *City of DeQuincy* wherein we expressly stated that our decision in *Breaux* "is a correct statement of the law: '[T]he workers' compensation insurer is not entitled to a credit for future medical benefits, even when the amount, which the third party tortfeasor paid in settlement, exceeds that sufficient to reimburse the compensation carrier.' " *City of DeQuincy*, 25 So.3d at 240 (citing *Breaux*, 838 So.2d at 112) alteration in original.

In *Breaux*, this court relied on the Louisiana Supreme Court's decisions in *Fontenot v. Hanover Ins. Co.*, 385 So.2d 238 (La.1980), and *Brooks v. Chicola*, 514 So.2d 7 (La.1987). We found it instructive in the *Fontenot* case that the Louisiana Supreme Court expressed the view that:

> The underlying policy of the worker's compensation statute provisions for apportionment of damages between employer and employee in suits against third persons merely prevents an employee's double recovery for his injuries; it does not require an employee to reimburse out of his award for pain and suffering medical expenses which he failed to recover from a third party tortfeasor.

*Breaux*, 838 So.2d at 111, quoting *Fontenot*. Further, our decision in *Breaux* relied on the Louisiana Supreme Court's decision in *Brooks,* which held that:

> [R]eimbursement to the compensation insurer in this case must necessarily be limited only to the damage awards for loss of earnings and medical expenses. An injured worker, as any other tort victim, is entitled to his full recovery for non-economic losses. **There should be no reduction in his award for the pain and suffering element simply to give a compensation insurer full reimbursement.** As we stressed in *Fontenot*, the Louisiana Workers' Compensation Law only requires reimbursement to the extent that damages for lost wages and medical expenses are recovered from a third party tort feasor. No preference is granted to the compensation intervenor over the employee's award for pain and suffering. In this way, the true purpose of the compensation law will be fulfilled. As we have frequently stated, the law must be given a liberal interpretation to effect its beneficial purpose of relieving workers of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce. The above interpretative analysis of La.R.S. 23:1103 fulfills this methodology and purpose and is reflective of what we construe to be the legislative intent.

(emphasis added. citations omitted.) It continued:

> It necessarily follows that credit for future compensation likewise must be limited to the award for future loss of earnings. To allow reimbursement and credit beyond this would reduce the injured worker's recovery for non-economic losses. It would also be contrary to the liberal interpretation afforded the compensation act and the humanitarian spirit within which it was enacted.

> Although *Brooks* has been legislatively overruled regarding another principle, it continues to stand for the premise that the workers' compensation insurer is not entitled to a credit for future

medical benefits, even when the amount, which the third-party tort feasor paid in settlement, exceeds that sufficient to reimburse the compensation carrier.

*Breaux,* 838 So.2d at 112. (alteration in original)

The state Supreme Court has now clarified its previous decisions and has determined that its holding in *Brooks* involved only the interpretation of La.R.S. 23:1103 and does not apply to the provisions of La.R.S. 23:1102. *City of DeQuincy v. Henry*, No. 2010-C-0070, 62 So.3d 43 (La. 3/15/11).

We have been instructed to review this case on remand in light of the State Supreme Court's recent decision in *City of DeQuincy*. Nabors argues that the punitive provisions of La.R.S. 23:1102(B) should be read to mean that, as punishment for failing to obtain the employer's or insurer's express written approval of a compromise settlement, the employee who avails himself of the buy-back provision in the statute loses the protection accorded him in the *Brooks* and *Breaux* decisions and he must use up *all of the monies* he recovered from the third party tort feasor before the employer has to resume paying compensation and medical payments. We again reject this argument as contrary to Louisiana's workers' compensation law. The statute very expressly and clearly provides that "***in no event* shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.**" La. R.S. 23:1102 (B) (emphasis added). Thus Nabors' argument seeking an offset equal to one hundred percent of Mercer's recovery clearly contravenes this express prohibition. Because of the quasi-penal nature of the provision of La.R.S. 23:1102 (B) regarding forfeiture of benefits when the employee compromises without the employer's consent, it must be strictly construed. *See Darbonne v. M&M Right of Way Contractors*, 96-1730 (La.App. 3 Cir. 4/30/97), 693 So.2d 299. We direct Nabor's attention to the Supreme Court's award in *DeQuincy* which is consistent

5

with the fifty per-cent limitation expressly mentioned in and remaining in the statute.

Additionally, as recognized by the State Supreme Court in *DeQuincy*, Nabors' argument also ignores the express statutory provision which clearly states:

> *Notwithstanding* the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee. . .

La.R.S. 23:1102 (B) (emphasis added). As we said before, "Notwithstanding" means what it says. Thus, as in *DeQuincy*, even if Nabors' actions would not amount to "written approval," Mercer has cured his failure to get an express written approval of settlement from Nabors by paying the benefits and medicals previously paid by the employer.

The State Supreme Court held in *City of DeQuincy* that employers such as Nabors in these circumstances are entitled to "receive a credit against all future workers' compensation benefits, including future medical expenses" dollar for dollar out of the funds which "are or may become due to" *the employee* in his compromise settlement. We do not understand this holding to include any such credit against settlement funds paid to the employees' spouse or children.

Mercer filed a claim for benefits after his employer refused to pay new medical bills. The burden is on the employer to assert and establish any defense available to it to justify its refusal to pay benefits. Nabors asserted that it does not have to pay any benefits until such time as Mercer has used up his total settlement recovery dollar for dollar. This defense to Mercer's claim for benefits is not supportable in the law for the reasons discussed above. The OWC erred in granting summary judgment because there are genuine issues of material fact

unresolved in the record.  The record does not show what amount of the settlement proceeds were paid to compensate Mercer for *his individual* losses and whether fifty percent of this amount has been exhausted by the continual benefits and medicals. We therefore reverse the OWC's judgment and remand the case for further proceedings.

**REVERSED; JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS**