PER CURIAM.
hln this matter, we must determine whether the court of appeal erred in reversing a judgment of the Office of Workers’ Compensation (“OWC”), which held an employer is entitled to a credit against future medical benefits. For the reasons that follow, we conclude the OWC correctly granted summary judgment in favor of the employer, and we therefore reinstate the OWC’s judgment.
FACTS AND PROCEDURAL HISTORY
Claimant, James Mercer, was injured in an accident during his employment with *1266 defendant, Nabors Drilling, USA, L.P. (“Nabors”). Claimant received workers’ compensation disability and medical benefits.
As a result of his employment-related accident, claimant also filed suit against a third-party tortfeasor. Nabors intervened, seeking recovery of the workers’ compensation benefits it paid to claimant. Without prior approval by Nabors, claimant settled the tort suit with the third-party tortfeasor for an amount in excess of the workers’ compensation benefits paid by Nabors. Subsequently, claimant reimbursed Nabors for the full amount of workers’ compensation benefits paid, deducting a proportionate share for attorney fees and costs.
| ¿Thereafter, claimant sought benefits for medical costs incurred after the settlement. Nabors refused to pay additional benefits, arguing it was entitled to a credit for the full amount of the settlement, less attorney fees.
As a result, claimant filed the instant disputed claim for medical benefits with the Office of Workers’ Compensation. In response, Nabors filed a motion for summary judgment, arguing it did not owe any additional benefits until claimant’s medical costs exceeded the total amount of the settlement with the third-party tortfeasor, under La. R.S. 23:1102(B).
The OWC granted Nabors’ motion for summary judgment, and dismissed the disputed claim for compensation with prejudice.
Claimant appealed. The court of appeal reversed, finding Nabors was not entitled to a credit for future medical benefits. Mercer v. Nabors Drilling USA, L.P., 10-1092 (La.App. 3 Cir. 2/23/11), 57 So.3d 1217.
Nabors sought review of that ruling in this court. Because the court of appeal did not have the benefit of our opinion in City of DeQuincy v. Henry, 10-0070 (La.3/15/11), 62 So.3d 43 at the time it rendered its judgment, we remanded the case to the court of appeal for reconsideration of its judgment in light of that opinion. Mercer v. Nabors Drilling, USA, L.P., 11-591 (La.5/20/11), 63 So.3d 968.
On remand, the court of appeal again reversed the judgment of the OWC. Mercer v. Nabors Drilling, USA, L.P., 10-1092 (La.App. 3 Cir. 11/2/11), 76 So.3d 624. The court determined La. R.S. 23:1102(B) “expressly and clearly provides that in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.” Thus, the court concluded “Na-bors’ argument seeking an offset equal to one hundred percent of Mercer’s recovery clearly contravenes this express prohibition.” Id. at p. 5, 76 So.3d at 627.
| sUpon Nabors’ application, we granted certiorari to review the correctness of that decision. Mercer v. Nabors Drilling USA, LP., 11-2638 (La.3/23/12), 84 So.3d 559.
DISCUSSION
It is undisputed that claimant failed to obtain Nabors’ written approval prior to entering into a compromise with the third-party tortfeasor. As a result, the case is governed by La. R.S. 23:1102(B), which provides:
If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be *1267 reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim, [emphasis added]
Because claimant provided reimbursement to Nabors, he reserved his right to future compensation. However, Nabors argues the statute makes it clear it is entitled to a “dollar for dollar credit against the full amount paid in compromise,” less attorney fees. Because the claimant received a total settlement of $650,000, and paid attorney fees of $173,043.72, Nabors asserts it is entitled to a credit of $495,729.63, and claimant would not be entitled to any benefits until this credit was exhausted.
|4In City of DeQuincy v. Henry, 10-0070 (La.3/15/11), 62 So.3d 43, we discussed the amendments to La. R.S. 23:1102(B) and La. R.S. 23:1103, concluding “these changes clearly evidence the intent of the legislature to require that employers and their insurers receive a credit for the entire amount of any compromise or settlement, or for the entire amount of a judgment, no matter how the damages have been itemized or classified.” Id. at p. 11, 62 So.3d at 51.
DeQuincy clearly supports Nabors’ argument that it is entitled to a dollar-for-dollar credit for future medical expenses, based on the total amount of the settlement, less attorney fees. The language of the statute relied upon by the court of appeal to cap this credit (“except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise”) is clearly inapplicable under these facts, as this language deals with the amount the employee must pay back to the employer to reserve his right to recover future compensation. That issue is not presented under the instant facts.[1]
In summary, we conclude the OWC correctly granted summary judgment in favor of Nabors. The court of appeal erred in reversing summary judgment for Nabors.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the Office of Workers’ Compensation granting summary judgment in favor of Nabors Drilling USA, LP is reinstated, at claimant’s cost.

. In brief to this court, claimant submits that this case is governed by La. R.S. 23:1103(A)(1), and argues the clear language of this statute limits any credit to compensation benefits, and not medical benefits. As we noted in DeQuincy, the jurisprudence has been somewhat inconsistent in applying La. 23:1102 and La. 23:1103. Nonetheless, we ultimately concluded "the lower courts were correct in finding, that only Section 23:1102 applies in cases where, as here, an employer has intervened in an employee’s suit, and the suit was settled prior to judgment.” DeQuincy, 10-0070 at p. 6, 62 So.3d at 48. The instant case arises in a nearly-identical procedural posture to DeQuincy; accordingly, we hold the matter is governed by La. R.S. 23:1102. As a result of this holding, we do not reach the merits of claimant’s argument that La. R.S. 23:1103 limits any credit to compensation benefits, and not medical benefits.