Judge Terri F. Love
11 Plaintiff was injured in a motor vehicle accident while in the course and scope of his employment. This appeal arises from *1047 the dispute regarding his entitlement to disability benefits and penalties before and after he accepted an unauthorized third party settlement. Prior to the workers’ compensation court’s ruling, the employer filed a motion to strike exhibits attached to plaintiffs post-trial brief. Before ruling on the motion to strike, the workers’ compensation court found in favor of plaintiff. The motion to strike was then granted. The employer then filed a motion for new trial, contending that the now stricken exhibits tainted the court’s judgment. The motion for new trial was granted. Plaintiffs second trial was conducted, wherein the judge ruled against plaintiff, and in favor of the employer, finding that he was not disabled from the date of the motor vehicle accident.
We find that the workers’ compensation court did not err by finding the plaintiffs date of disability was July 10, 2013, by finding a credit was due to the employer of $8,631.28, and by refusing to order disability payments from November 13, 2013, through March 14, 2014. Conversely, we find that the workers’ compensation court erred by not ordering disability benefits from July 10, 2013, through November 13, 2013; by finding that the record lacked sufficient 12evidence to document outstanding mileage reimbursement requests; and by failing to assess penalties against the employer for the delay in paying the mileage reimbursement requests. Accordingly, we remand the matter for the workers’ compensation court to enter judgment against the employer, awarding plaintiff the mileage expenses, and corresponding statutory penalties and attorney’s fees, pursuant to La. R.S. 23:1201. The workers’ compensation court shall also order the employer to pay temporary total disability payments for the time period of July 10, 2013, through November 13, 2013. We affirm in part, reverse in part, remand in part, and render.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 16, 2012, Clyde Tolley was driving a float truck for James Construction Group, LLC (“JCG”) when he was in a motor vehicle aeeident with another driver.[1] The same day, Mr. Tolley sought treatment for his injuries at the Plaque-mines Medical Center (“PMC”). After examination, Mr. Tolley was released with no work restrictions. A few days after the accident, Mr. Tolley returned to PMC, reporting that the pain worsened. Mr. Tol-ley’s x-rays revealed that he needed to visit an orthopedic surgeon. Two days later, PMC deemed Mr. Tolley to be non-occupationally disabled. Mr. Tolley was then terminated from his employment with JCG for unrelated reasons.
Mr. Tolley returned home to Live Oaks, Florida, and sought medical treatment from Dr. James Janousek. Dr. Janousek determined Mr. Tolley was disabled from September 4, 2012, to September 11, 2012. Dr. Janousek also instructed Mr. Tolley to consult with an orthopedic specialist before September 11, |32012. Mr. Tolley did not see another doctor until July 10, 2013.[2]
Mr. Tolley completed a Disputed Claim for Compensation against JCG. Mr. Tolley was then evaluated by Dr. Lucian Miranne on July 10, 2013. Dr. Miranne found that Mr. Tolley was disabled as a result of the accident, and stated that Mr. Tolley should not have been working since the accident. Dr. Miranne recommended surgery. JCG’s secondary medical examiner, Dr. Robert *1048 Applebaum, also recommended .surgery, and attributed Mr. Tolley’s injuries to the accident and degenerative disk disease. Subsequently, Mr. Tolley entered into an unauthorized settlement with a third party,[3] Upon learning of the settlement, JCG terminated Mr, Tolley’s workers’ compensation benefits pursuant to La. R.S. 23:1102(B).
The workers’ compensation judge made the following preliminary determinations; 1) Mr. Tolley entered into an unauthorized settlement on November 13, 2013; 2) Mr. Tolley forfeited 50% of the unauthorized credit after attorneys’ fees and costs were deducted; 3) Mr. Tolley tendered $4,315.64 on January 14, 2014, pursuant to La. R.S. 23:1102; 4) JCG was entitled to a credit of $4,494,16 for medicals previously paid; 5) Mr. Tolley should have a credit of $4,315.64; 6) $1,200 should be returned to Mr. Tolley; and 6) the amount of settlement to Mr. Tolley after attorneys’ fees and costs was $8,631.28.
Mr. Tolley’s first trial regarding his workers’ compensation benefits followed. All parties stipulated that the accident was work-related and that Mr. Tolley’s weekly compensation rate was $592.00. Before the judgment on the merits of the trial was issued, JCG filed a Motion to Strike contending that two j ¿exhibits attached to Mr. Tolley’s post-trial brief should be struck. Without ruling on the motion, the workers’ compensation judge found that: 1) Mr. Tol-ley was entitled to weekly temporary total disability (“TTD”) benefits from August 16, 2012, through March 14, 2014, “and continuing”; 2) Mr. Tolley was entitled to the payment of medical expenses, medication expenses, and transportation expenses; 3) Mr. Tolley entered into an unauthorized settlement on November 13, 2013; 4) the buy-back amount was $4,495.16; 5) Mr. Tolley was required to pay JCG $179.52 to complete the total buy-back; 6) Mr. Tolley reclaimed his right to future compensation; 7) a credit was due to JCG of $4,136.13; 8) JCG failed to controvert Mr. Tolley’s right to compensation, penalties, and attorneys’ fees; 9) JCG was assessed an $8,000 penalty for all violations; 10) JCG was assessed $8,000 for attorneys’ fees; 11) JCG was not entitled to the safe harbor provisions of La. R.S. 23:1201.1; and 12) Mr. Tolley should be refunded the $1,200.00 paid in protest for the second medical opinion of Dr. Applebaum.
JCG then filed a Motion for New Trial asserting that the workers’ compensation judge relied upon the now stricken evidence in making the judgment. JCG’s Motion for New Trial was granted because the workers’ compensation court judge could not determine how much weight the previous judge had given the stricken evidence. Mr. Tolley’s request for written reasons was denied.
Mr. Tolley’s second trial,[4] which was based on the written record and contained no new oral argument or live testimony, was conducted. The workers’ J^compensation court judge held that: 1) Mr. Tolley was in an accident in the course and scope of his employment on August 16, 2012; 2) his weekly compensation rate was $592.00; 3) he entered into an unauthorized settlement on November 13, 2013; 4) Mr. Tolley had received weekly TTD benefits since March 14, 2014; 5) all medical bills had been paid through trial; 6) Mr. Tolley did not medically treat from September 11, *1049 2012, through July 10, 2013, and failed to show that he was disabled and entitled to indemnity benefits during that time; 7) the unauthorized settlement did not affect Mr. Tolley’s right to past due benefits owed, but not paid prior to the settlement; 8) Mr. Tolley forfeited his right to future compensation; 9) Mr. Tolley’s buy-back amount was $4,687.50 and only $4,315.64 was tendered; 10) JCG was owed a credit of $8,631.28; 11) Mr. Tolley failed to show that mileage or travel reimbursements were outstanding; 12) JCG reasonably controverted Mr. Tolley’s right to benefits, so he is not entitled to penalties and attorneys’ fees; and 13) Mr. Tolley’s claims were dismissed with prejudice. Mr. Tolley filed a Motion for New Trial, which Judge Bishop “rejected.” Mr. Tolley’s appeal followed.
Mr. Tolley asserts nine assignments of error as to the workers’ compensation court’s judgment: 1) the court erred by finding that the record lacked evidence of outstanding travel expenses; 2) the court erred by not assessing penalties because travel reimbursements were outstanding; 3) the court erred by not awarding Mr. Tolley TTD payments from July 10, 2013, through March 14, 2014; 4) the court erred by not assessing fees and penalties against JCG regarding delayed TTD payments from March 14, 2014, to August 28, 2014, and failure’ to initiate payments on the date of disability; 5) the court erred by not deducting Mr. Tolley’s tender of $4,315.64 from the credit due to JCG; 6) the court erred by not finding ^disability date of August 16, 2012; and 7) the court erred by finding that JCG reasonably controverted Mr. Tolley’s claim for workers’ compensation benefits.

STANDARD OF REVIEW

“The standard of review applied in a workers’ compensation case is the «manifest error-elearly wrong’ standard.”[5] Greer v. Whole Foods Mkt., Inc., 13-0455, p. 5 (La.App. 4 Cir. 1/15/14), 133 So.3d 80, 84; quoting Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 6 (La. 7/1/97), 696 So.2d 551, 556. “The findings of the workers’ compensation court will not be set aside by the appellate court unless they are found to be clearly wrong after reviewing the record in its entirety.” Greer, 13-0455, p. 5, 133 So.3d at 84. “In applying the manifest error standard, the appellate court must determine not whether the fact finder was right or wrong, but whether the fact finder’s conclusion was a reasonable one.” Hahn v. X-Cel Air Conditioning, Inc., 12-0236, p. 4 (La.App. 4 Cir. 1/9/13), 108 So.3d 262, 266. “If the factfinder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Baker v. Harrah’s, 15-0229, p. 6 (La.App. 4 Cir. 3/9/16), 190 So.3d 379, 386“Application of the manifest error standard of review does not however, mandate the affirmance of a lower court decision with respect to findings of fact.” Alexander, 630 So.2d at 710. “Where an appellate court finds manifest error, the factual findings of the trier of fact may be reversed.” Id.
17“When legal error interdicts the fact-finding process in a workers’ compensation proceeding, the de novo, rather than the manifest error, standard of review applies.” Baker, 15-0229, pp. 6-7, 190 So.3d *1050 at 386. “Likewise, interpretation of statutes pertaining to workers’ compensation is a question of law and warrants a de novo review to determine if the ruling was legally correct.” Tulane Univ. Hosp. & Clinic v. Lockheed Martin Corp., 11-0179, p. 3 (La.App. 4 Cir. 6/29/11), 70 So.3d 988, 990.

DISABILITY DATE

Mr. Tolley contends that “[t]he trial court erred when it determined [he] failed to meet his burden in showing [he] was disabled from the date of the August 16, 2012 injury.”
Mr. Tolley was required to prove his disability by clear and convincing evidence. See La. R.S. 23:1221(l)(c). “The ‘time the injury develops,’ as interpreted to mean the date the disability develops, is usually determined as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner.” Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859, pp. 4-5 (La. 4/10/95), 652 So.2d 1323, 1326; quoting Swearingen v. Air Products & Chem., Inc., 481 So.2d 122, 124 (La.1986) and Wallace v. Remington Rand, Inc., 229 La. 651, 662, 86 So.2d 522, 526 (La.1956). “Thus, the ‘developing injury’ rule has been applied not only when the injury does not manifest itself immediately, but also when the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so.” Sevin, 94-1859, p. 5, 652 So.2d at 1326.
Mr. Tolley was involved in a motor vehicle accident on August 16, 2012, |swhile in the course and scope of his employment with JCG. As a result, Mr. Tolley visited PMC on three occasions. Initially, PMC released Mr. Tolley for unrestricted work. However, during the last visit, Mr. Tolley was designated as non-occupationally disabled. Mr. Tolley then returned home to Live Oaks, Florida, and sought medical treatment from Dr. Janousek. Dr. Janou-sek determined that Mr. Tolley was disabled from September 4, 2012, to September 11, 2012, and instructed Mr. Tolley to consult with an orthopedic specialist before September 11, 2012. Mr. Tolley did not see another doctor until July 10, 2013. On July 10, 2013, Mr. Tolley treated with Dr. Mir-anne, wherein Dr. Miranne found that Mr. Tolley was disabled from the motor vehicle accident of August 16, 2012. Dr. Miranne testified that more likely than not, Mr. Tolley’s condition was a result of the motor vehicle accident.
Mr. Tolley contends that he was disabled on August 16, 2012. However, Mr. Tolley returned to work for JCG following the accident until he was fired for an unrelated incident. Additionally, PMC designated Mr. Tolley as non-occupationally disabled on August 22, 2012. Then, while back home in Florida, Mr. Tolley was deemed disabled until September 11, 2012, by Dr. Janousek. No subsequent notes extending Mr. Tolley’s disability status were written by Dr. Janousek. Further, it is undisputed the Mr. Tolley did not receive medical treatment from September 11, 2012, through July 10, 2013. Mr. Tolley alleges that the lapse in treatment occurred because Florida doctors would not accept Louisiana workers’ compensation insurance. However, this assertion was unsupported by the record. Therefore, given all of the above, we do not find that the workers’ compensation court manifestly erred by finding that Mr. Tolley did not prove a disability date of August 16, 2012, and affirm the finding of a July 10, 2013 date oflndisability.

TTD PAYMENTS: JULY 10, 2013— NOVEMBER 13, 2013

Mr. Tolley asserts that because the workers’ compensation court found a dis *1051 ability date of July 10, 2013, that “the trial court erred in not awarding Mr. Tolley temporary total disability payments from July 10, 2013,” through November 13, 2013, the date of Mr. Tolley's unauthorized settlement. We agree.
The workers’ compensation court found that Mr. Tolley did not prove a disability until July 10, 2013. Therefore, the workers’ compensation court found that he was entitled to indemnity benefits from July 10, 2013, through November 13, 2013, which was the date of the unauthorized settlement. As such, this Court disagrees with Mr. Tolley’s characterization of the workers’ compensation court’s judgment. The workers’ compensation court found that he was entitled to benefits from July 10,2013, through November 13, 2013. Further, the workers’ compensation court held that the unauthorized settlement did not affect Mr. Tolley’s rights to past due benefits. However, the workers’ compensation court erred by failing to order the payment of benefits for the period of July 10, 2013— November 13, 2013. Accordingly, on remand, the workers’ compensation court shall order TTD benefits for Mr. Tolley from July 10, 2013—November 13, 2013.[6]

CREDIT

Mr. Tolley avers that the workers’ compensation court erred by finding that JCG is due a credit of $8,631.28 notwithstanding his previously tendered $4,315.64. Mr. Tolley contends that JCG is only due a credit of $4,315.64.
ImThe parties stipulated that Mr. Tolley entered into an unauthorized settlement with a third party on November 13, 2013. The settlement amount was $15,000.00, including $5,625.00 for attorneys’ fees and $743.72 for costs. La. R.S. 23:1102(B) provides that if an employee fails to receive approval from his employer prior to the settlement with a third party, then:
the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.
The Louisiana Supreme Court interpreted this provision to mean that the employer is entitled to a “dollar-for-dollar” credit for future medical expenses equal to the total amount of the settlement minus attorneys’ fees. Mercer v. Nabors Drilling USA, L.P., 11-2638, p. 4 (La. 7/2/12), 93 So.3d 1265, 1267. The Court found that the credit should not be capped in accordance with the statutory provision limiting the “buy back” amount to no more than fifty percent of the total amount of the settlement. Id.
Given the Louisiana Supreme Court’s pronouncement in Mercer, we do not find that the trial court erred by finding that JCG was due a credit of $8,631.28, the full *1052 amount of the- settlement minus attorneys’ fees. Therefore, we affirm.

\nTTD PAYMENTS: NOVEMBER 13, 2013—March 14, 2014

Mr. Tolley avers that the workers’ compensation court erred by failing to find that he was entitled to TTD benefits from November 13, 2013, through March 14, 2014.
Pursuant to La. R.S. 23:1102(B),[7] the workers’ .compensation court found that Mr. Tolley.was not entitled to benefits after November 13, 2013, because he forfeited his rights to future benefits once he entered into the unauthorized settlement and had not completely bought back his rights. The. court found that the amount necessary to “buy back” Mr. Tolley’s rights, to future compensation was $4,687.50. Mr. Tolley tendered $4,315.64 prior to trial. After receiving the judgment, Mr. Tolley tendered the additional $371.86. Because Mr. Tolley did not fully buy back his lights to future compensation until after the trial court rendered its judgment, we do not find that the trial court erred by refusing to award Mr. Tol-ley TTD benefits from November 13, 2013, through March 14, 2014. Whether Mr. Tol-ley has now fully bought back his rights and is thereby due those benefits is not before us, as the matter has. not been litigated in the workers’ compensation court.

MILEAGE REIMBURSEMENT

Mr. Tolley asserts that the workers’ compensation court erred in determining that a request for travel reimbursement was not in the record.-
La. R.S. 23:1203(D) provides, in' pertinent part, that “the employer shall be | pliable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, ... which the employer is required to furnish under this Section.”
The workers’ compensation court judge stated that “there was no evidence presented to show that outstanding mileage was due” and that she had a credibility issue with Mr. Tolley. However, Mr. Tol-ley’s contention has merit because his travel reimbursement request was twice contained in the record. JCG’s “exhibit U” was an October 23,2013 letter wherein Mr. Tolley sought reimbursement for two of his trips from Florida to Louisiana.[8] JCG even admits in its appellee brief that Mr. Tolley submitted two exhibits showing that a mileage reimbursement request was submitted. JCG contends, however, that Mr. Tolley failed to submit evidence to support this request except for his own testimony.
 Proof of the trips is sufficient for a prima facie claim. Jack v. Fid. & Cas. Co. of New York, 326 So.2d 584, 587 (La.App. 3rd Cir.1976). Once Mr. Tolley demonstrated that a mileage reimbursement request was submitted, the burden shifted to JCG. Mr. Tolley cannot prove that his request was not paid because one cannot prove a negative, “an almost impossible evidentiary task.” Richards v. St. Bernard *1053 Par. Gov’t, 11-1724, p. 6 (La.App. 4 Cir. 5/2/12), 91 So. 3d 524, 528, Vincent v. City of New Orleans, 326 So.2d 401, 403, n. 2 (La.App. 4th Cir.1975). Accordingly, we find that the trial court erred in finding that the record lacked evidence demonstrating an outstanding mileage reimbursement request. Further, we remand the matter to the workers’ compensation court to enter judgment against JCG, awarding Mr. Tolley the mileage expenses, and corresponding ^statutory penalties and attorney’s fees, pursuant to La. R.S. 23:1201.

FEES & PENALTIES/REASONABLY CONTROVERTED

Having found that the workers’ compensation judge incorrectly held that there was no- evidence of an outstanding mileage reimbursement request, we now examine whether JCG was subject to penalties and fees for failure to timely pay same. Mr. Tolley contends that he is entitled to penalties regarding the outstanding travel expenses and the delayed TTD payments from March 14, 2014, through August 28, 2014. . .
La. R.S. 23:1201(F) provides that penalties will be assessed for “failure to provide payment in accordance with this Section.” “The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.” La. R.S. 23:1201(F). “There is no question that a claimant’s traveling expenses in seeking medical attention form part of his medical expense claim and that it is subject to the statutory penalty provisions.” Jack, 326 So.2d at 587. See also Jeffcoat v. McCann’s Seafood, 96-1259, p. 4 (La.App. 3 Cir. 5/7/97), 696 So.2d 8, 11; Milligan v. Bayou Vista Manor, Inc., 355 So.2d 569, 572 (La. App. 3rd Cir.1978). However, no penalties will be assessed if the employer reasonably controverted the claim. Bilquist v. Custom Craft Homes, Inc., 12-0469, p. 17 (La.App. 4 Cir. 11/7/12), 105 So.3d 194, 204.
“[I]n order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits.” Brawn v. Texas-LA Cartage, Inc., 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890. “Thus, to determine whether the claimant’s right has been reasonably controverted, ... a court must ascertain whether the employer or his insurer engaged in: a nonfrivoloud u legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant” for “the time he refused to pay all or part of the benefits allegedly owed.” Id.

Travel Reimbursement

Mr, Tolley seeks penalties for JCG’s failure to reimburse him for the outstanding travel expenses. We found, above, that the trial court erred in finding that there was insufficient proof of outstanding travel reimbursement requests. Therefore, for JCG’s failure to reimburse Mr. Tolley within sixty days, a penalty should be assessed.[9] As stated above, on remand, the workers’ compensation court shall assess penalties accordingly.

Delayed TTD payments: March 14, 2014—August 28, 2014

Having found above that Mr. Tol-ley did' not tender the entire amount required for him to “buy back” his rights to future compensation until after the work *1054 ers’ compensation court rendered its judgment in the present matter, no penalties were warranted. Additionally, JCG reasonably controverted Mr. Tolley’s entitlement to the benefits from March 14, 2014, through Augusts 28, 2014,. because of the prior unauthorized settlement. Accordingly, this assertion lacks merit.

DECREE

' For the above-mentioned reasons, we find that the workers’ compensation court did-not commit manifest error by finding that Mr. Tolley’s date of disability was July 10, 2013; the court erred by failing to order payment of TTD benefits from July 10, 2013, through November 13, 2013; the court did -not err by holding 11fithat a credit of $8,631.28 was due to JCG; the court did not err. by failing to order TTD payments from November 13, 2013, through March 14, .2014;. the trial court erred by finding that the record contained insufficient evidence of outstanding mileage reimbursement requests; and the court erred by not assessing penalties against JCG for the delay in reimbursing Mr. Tolley for mileage. Accordingly, the judgment of the workers’ compensation court is affirmed in part, reversed in part, remanded in part, and rendered.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
LOBRANO, J., CONCURS IN PART AND DISSENTS IN PART, AND ASSIGNS REASONS

. The parties stipulated that the motor vehicle accident occurred while Mr. Tolley was in the course and scope of his employment.

. Mr. Tolley alleged that medical providers in Florida refused to accept Louisiana workers’ compensation insurance.

. All parties stipulated to the unauthorized settlement.

. Judge Sylvia Dunn retired after conducting Mr. Tolley’s first trial. Ad hoc judge, the Honorable Sheral Kellar granted JCG’s Motion to Strike.' A visiting judge from the Office of Workers’ Compensation District 1, the Honorable Carey Holliday, granted JCG’s Motion for New Trial. Lastly, Judge Shannon Bishop presided over Mr. Tolley’s second trial.

. Although Judge Bishop "decided the case on the basis of a trial transcript, documentary evidence and deposition transcripts and was therefore unable to determine witness credibility,” the same "level of deference required when a hearing officer is physically present to observe the testimony of witnesses” is warranted, Alexander v. Petterin Marble & Granite, 93-1698 (La, 1/14/94), 630 So.2d 706, 709-10.

. JCG disbursed $18,944.00 in TTD payments to Mr. Tolley for the time period of March 14, 2014, through October 23, 2014. However, no TTD payments were disbursed for the corresponding time period of July 10, 2013, through November 13, 2013.

. La. R.S. 23:1102(B) provides, in pertinent • part:
[T]he employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.

. The same letter is included in the record as Mr. Tolley’s "supplemental exhibit 7.”

. This Court notes that the record contains an e-mail from JCG’s counsel to Mr. Tolley’s counsel-front June 23, 2015, that states: “Arguably, your client would be due a $2,000.00 penalty for the late payment of mileage reimbursement requests.”