# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**20-634**

MICHAEL MCCALLON

VERSUS

KEY ENERGY SERVICES

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION # 4
PARISH OF LAFAYETTE, NO. 15-06127
ANTHONY PALERMO, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## VAN H. KYZAR
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.

**AFFIRMED AS AMENDED.**

Michael Edward Parker
Allen & Gooch
Post Office Drawer 81129
Lafayette, LA 70598-1129
(337) 291-1000
COUNSEL FOR DEFENDANT/APPELLANT:
     Key Energy Services

Brian D. Calvit
7920 Wrenwood Blvd, Suite F
Baton Rouge, LA 70809
(225) 926-2222
COUNSEL FOR PLAINTIFF/APPELLEE:
     Michael McCallon

**KYZAR, Judge**

On September 2, 2020, the Office of Workers' Compensation (OWC) granted Plaintiff Michael McCallon's Motion to Enforce Judgment, awarding temporary total indemnity benefits from the time period of August 2015 to June 2016, medical expenses, interests and costs, penalties pursuant to La.R.S. 23:1201 (F), and attorney fees. Both parties appealed the judgment of the workers' compensation judge, with Plaintiff's appeal being lodged under docket number 20-635. For the reasons found herein and in the corresponding appeal *McCallon v. Key Energy Servs., LLC*, 20-635 (La.App. 3 Cir. 12/15/21), ___ So.3d ___, we affirm as amended.

## FACTS AND PROCEDURAL HISTORY

This workers' compensation claim arises out of an automobile accident which occurred on February 3, 2015, in Williston, North Dakota. Plaintiff eventually filed a motion to enforce judgment, and Plaintiff and Key Energy both appealed that judgment of the workers' compensation judge (WCJ). The facts and history of this case are laid out in Plaintiff's corresponding appeal *McCallon v. Key Energy Servs., LLC*, 20-635 (La.App. 3 Cir. 12/31/15), ___ So.3d ___.

In its appeal, Key Energy asserts the following assignments of error:

1. The WCJ erred in granting plaintiff's motion to enforce this Court's judgment of April 24, 2019.

2. The WCJ erred in failing to consider the tender of funds calculated to be due under this Court's judgment of April 24, 2019 sent to plaintiff through his lawyer on October 1, 2019.

3. The WCJ erred in failing to follow this Court's judgment that granted Key Energy Services, LLC a $12,500 credit against all indemnity due between August 4, 2015 and June 21, 2016.

4. The WCJ erred in failing to follow this Court's judgment of April 24, 2019 that granted Key Energy Services, LLC a dollar-for-dollar credit for any compensation benefits that may be owed after June 21, 2016.

5. The WCJ erred in failing to give Key Energy Services, LLC credit for medical expenses paid by plaintiff's health insurer.

6. The WCJ erred in awarding $561.20 in medical expenses to plaintiff.

7. The WCJ erred in awarding costs of $3233.35 to plaintiff.

8. The WCJ erred in awarding penalties under La. R.S. 23:1201 (F) in the amount of $4000 and attorney[] fees in the amount of $12,000.

## DISCUSSION

*Plaintiff's Motion to Enforce*

Key Energy's first two assignments of error assert its belief that Plaintiff's Motion to Enforce was granted in error because the judgment in question had already been honored. In *McCallon v. Key Energy Services, LLC*, 18-880, pp. 19-20 (La.App. 3 Cir. 4/24/19), 271 So.3d 249, 262-63, *writ denied*, 19-850 (La. 9/17/19), 279 So.3d 381, this court ruled on the question of whether Plaintiff forfeited his right to benefits because of his settlement with a third-party tort-feasor, issuing the following disposition:

> For the reasons discussed herein, the WCJ's judgment is reversed to the extent that it holds that Michael McCallon forfeited compensation benefits before June 21, 2016; it is amended to provide that Michael McCallon is entitled to reserve his right to future compensation as provided by La.R.S. 23:1102(B); it is also amended to award Michael McCallon $4,000 in penalties and $12,000 in attorney fees; and the matter is remanded to the trial court for calculation of the offset due Key Energy Services, LLC. for medical expenses paid on behalf of Michael McCallon by his health insurer. The judgment is affirmed in all other respects. All costs are assessed to Key Energy Services, LLC.

After the denial of writs from the supreme court, the judgment in this matter became final and definitive on October 1, 2019. La.Code Civ.P. art. 2167. Key Energy then tendered to Plaintiff $28,079.67, as follows: $11,619.42 representing weekly indemnity benefits plus interest owed from August 4, 2015 to April 16, 2016 less a credit of $12,500; and $16,460.27 representing the penalties and attorney fees

2

awarded by this court. Key Energy contends this represents the entirety of its obligations under the judgment of this court, and thus, the WCJ erred in granting Plaintiff's motion to enforce judgment.

However, this court ruled that Plaintiff was entitled to indemnity benefits from the period of August 4, 2015 to June 21, 2016. *McCallon*, 271 So.3d 249. Key Energy does not deny that indemnity benefits were only paid for the period between August 4, 2015 to April 16, 2016, the date of Plaintiff's subsequent automobile accident. Rather, it argues its belief that the June 21, 2016 date was chosen in error, stating, "There is still a question as to where the June 21, 2016 date came from[.]" We disagree.

In *McCallon*, 271 So.3d 249, this court noted the testimony of Plaintiff's doctor that, before the April 2016 accident, he anticipated being able to release Plaintiff in June 2016. The forfeiture clause of La.R.S. 23:1102(B) relied upon by Key Energy, states, in pertinent part:

> If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses.

The future compensation that an injured claimant forfeits for failing to obtain the consent or approval of his employer prior to settling his claim with a third party means any workers' compensation benefits that became payable after the compromise. *Bolton v. Tulane Univ.*, 99-970 (La.App. 4 Cir. 3/1/00), 755 So.2d 1003, *writ granted*, 00-922 (La. 5/26/00), 762 So.2d 626, and *writ granted*, 00-932 (La. 5/26/00), 762 So.2d 627. This court found that Plaintiff was entitled to benefits, at minimum, through June 21, 2016. *McCallon*, 271 So.3d 249. We also found Plaintiff was entitled to reserve his right to future compensation past that date pursuant to provisions of La.R.S. 23:1102(B). *Id.*

3

This court issued a final judgment in *McCallon*, 271 So.3d 249. *See* La.Code Civ.P. art. 1841. A final judgment is conclusive between the parties except on direct review. La.R.S. 13:4231. "Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment." *Tolis v. Bd. of Sup'rs of La. State Univ.*, 95-1529, pp. 2-3 (La. 10/16/95), 660 So.2d 1206, 1206-07. As Key Energy did not pay indemnity benefits for the period ordered, we find its original tender of payment to Plaintiff did not satisfy the judgment of this court, and, accordingly, we find no error with the WCJ's granting of Plaintiff's motion to enforce.

*Entitlement to Credit from the Settlement*

Key Energy next asserts that the WCJ erred in failing to give a credit to Key Energy for 50% of the amount received by Plaintiff in the settlement of the April 16, 2016 automobile accident and in failing to grant a dollar-for-dollar credit for any compensation benefits that may be owed after April 16, 2016. We agree.

In *McCallon*, 271 So.3d 249, Plaintiff argued that to preserve his right to future benefits, he need only pay Key Energy $12,500.00 of his $25,000.00 settlement. This is pursuant to La.R.S. 23:1102(B)'s buy back provision that preserves an employee's right to future compensation upon payment to the employer of the total amount of compensation benefits previously paid, with the exception that, "in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise." It goes on to state that "[s]uch reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim." La.R.S. 23:1102(B). The Louisiana Supreme Court has interpreted this provision to mean

4

the employer is entitled to a "dollar-for-dollar" credit for future medical expenses equal to the total amount of the settlement minus attorney fees and that this credit should not be capped pursuant to the statutory provision limiting the "buy back" amount to no more than fifty percent of the total settlement. *Mercer v. Nabors Drilling USA, L.P.*, 11-2638, p. 4 (La. 7/2/12), 93 So.3d 1265, 1267. The buy back sum referenced in La.R.S. 23:1102(B) is not credited against the credit granted in the final sentence of the statute. *Id.*

In *McCallon*, we ruled that $12,500.00 should be applied against the past-due amounts owed by Key Energy, representing one-half of the net settlement received by Plaintiff in the compromise of the third party claim. The application of this credit reserves Plaintiff's right to future compensation, should he be so entitled. La.R.S. 23:1102(B). This court found Plaintiff was entitled to indemnity benefits for the period of August 4, 2015 to June 21, 2016, and that Key Energy was required to tender to Plaintiff the amount owed after the application of the $12,500.00 credit. The ruling of the WCJ neglected to incorporate this credit at the time of ruling; as such, the credit has been applied in our amended judgment outlined in the appeal under docket number 20-635.

Key Energy next argues that it is also entitled to a credit for any benefits due after April 16, 2016. We agree. For the reasons outlined above, we find that Plaintiff's entitlement to indemnity benefits through June 21, 2016 is based upon the February 3, 2015 accident, not his April 2016 one, and, thus, said benefits are subject to the $12,500.00 cap. However, if Plaintiff properly files for and shows that he is entitled to benefits other than those accrued before the April 2016 accident, Key Energy is entitled to a dollar-for-dollar credit against the remaining $12,500.00 of the settlement before it must pay additional benefits. *McCallon*, 271 So.3d 249; *Mercer*, 93 So.3d 1265. We must note that nowhere in our prior judgment did we

5

find that Plaintiff was not entitled to any future compensation or limit compensation for any amount due after June 21, 2016, other than the possible offset. Plaintiff's entitlement to benefits after this date was not before this court in the prior appeal, nor has it been properly raised in the current appeal. *See Jones v. Capitol Enterprises, Inc.*, 11-956 (La.App. 4 Cir. 5/9/12), 89 So.3d 474, *writ denied*, 12-1634 (La. 13/26/12), 99 So.3d 651. As such, we amend the ruling of the WCJ to apply the credit of $12,500.00 against the indemnity benefits owed to Plaintiff for the period of August 4, 2015 through July 21, 2016, as shown in docket number 20-635. We also recognize Key Energy's entitlement to a dollar-for-dollar credit for any future benefits that may be due to Plaintiff. As we determined in Plaintiff's appeal,[1] the issue of entitlement to future benefits after June 21, 2016 was not before the WCJ at the hearing on Plaintiff's motion to enforce the judgment of this court from the prior appeal in *McCallon*, 271 So.3d 249.

*Medical Expenses*

Key Energy's next assignments of error question why the WCJ did not award credit to Key Energy for payments made by Plaintiff's health insurer and questions the propriety of the WCJ's award of $561.20 in medical expenses to Plaintiff. Louisiana Revised Statutes 23:1212(A) provides that payment of medical expenses made by anyone other than the employee, or a close friend or family member, extinguishes an employee's claim for those medical expenses.

Louisiana jurisprudence states that "the employer must plead its offset and prove it with evidence showing that a payment of a certain amount of workers' compensation claimant's medical expenses was made by a person other than claimant, a relative or friend of the claimant." *Feingerts v. Am. Cas. Co. of Reading*,

---

[1] *McCallon v. Key Energy Servs., LLC*, 20-635 (La.App. 3 Cir. _____), ___ So.3d ___

6

09-1209, p. 14 (La.App. 4 Cir. 3/10/10), 34 So.3d 358, 367. We noted that the record in the previous appeal did not contain sufficient evidence to allow a calculation of the appropriate offset amount and remanded this issue to the trial court. *McCallon*, 271 So.3d 249.

Key Energy notes in brief that "the WCJ did not order payment of those expenses[,]" and, thus, "the ruling denying a credit is of no moment." It then asserts that the WCJ erred by awarding medical expenses, arguing that "[t]he judgment of this Court from April 24, 2019 did not order the payment of medical expenses, rather, it remanded this issue to the WCJ for determination of the amount which might be due." We do not find this argument persuasive.

In the previous appeal, this court ruled to "remand this issue to the trial court for the parties to establish the offset to which Key Energy Services is entitled *and the medical expenses it owes to Mr. McCallon*." *McCallon*, 271 So.3d at 262 (emphasis added). In its written reasons for judgment, the WCJ stated:

> The question is what is owed to Mr. McCallon with regards to the medical expenses paid and what credit Key Energy is entitled to. Mr. McCallon paid medical expenses for New South Neuro Spine, LLC. in the amount of three hundred and twenty dollars and prescriptions in the amount of two hundred and forty-one dollars and twenty cents. He is entitled to those costs in this matter.
>
> The Court further finds that there is no credit due to the Defendants for medical expenses allegedly paid by the health insurer. The Court in addition finds that medical expenses in the amount of five hundred and sixty-one dollars and twenty cents are awarded to the Claimant, Michael McCallon, for New South Neuro Spine and prescriptions.
>
> . . . .
>
> There was no evidence in this case that showed that a credit is due to Key Energy Services for medical benefits allegedly paid by the insurer.

This court remanded to the WCJ the issue of a possible credit due to Key Energy, as well as the issue of potential medical expenses owed to Plaintiff. The

7

WCJ found Key Energy was not due a credit for medical benefits paid by Plaintiff's insurer. The findings of the WCJ will not be set aside unless the reviewing court finds them to be clearly wrong in light of the record viewed in its entirety. *Fernandez v. Hand Constr., LLC*, 15-615 (La.App. 4 Cir. 5/16/16), 194 So.3d 1149. After a review of the record, we cannot find that the WCJ erred in its ruling regarding medical expenses, and accordingly, affirm its award of $561.20 to Plaintiff and its award of no credit to Key Energy.

*Award of Costs*

Key Energy was assessed with all costs of the previous appeal by this court, which the WCJ found to be $3233.35. Key Energy asserts that this issue was not properly before the WCJ as it should have been brought on a motion to tax costs, citing La.Code Civ.P. art. 1920. However, La.Code Civ.P. art. 1920 states that costs "may" be taxed by a rule to show cause. The statute does not mandate that a Motion to Tax Costs is the only appropriate procedural vehicle for enforcing an assessment of costs against a party. A rule to tax costs is merely incidental to the original proceedings in which costs were incurred. *Barker v. Houssiere-Latreille Oil Co.*, 163 La. 555, 112 So. 415 (1926). Enforcing the payment of costs of court belongs to the court having jurisdiction of the case. *Frantz v. A. Levitan Furniture Co.*, 6 Pelt. 408 (La. Ct. App. 1922). As the WCJ properly had jurisdiction of the matter, we find it did not err in setting the amount of costs awarded to Plaintiff by this court.

*Award of Penalties and Attorney Fees*

Key Energy next asserts that the WCJ erred in awarding penalties for failure to pay a final judgment. Key Energy argues that, as it paid the previous judgment in full, it cannot be liable for penalties and attorney fees. Workers' compensation statutes providing for penalties and attorney fees, which are penal in nature, must be strictly construed. *Thibodeaux v. L.S. Womack, Inc.*, 94-1375 (La.App. 3 Cir.

8

4/5/95), 653 So.2d 123. For the foregoing reasons, as well as those outlined in docket number 20-635, we do not find this argument persuasive. Key Energy was obligated to pay benefits through June 21, 2016. On its own erroneous interpretation of this court's judgment, it paid benefits only through April 16, 2016. Thus, the WCJ did not err in its award of penalties and attorney fees.

## DISPOSITION

For the foregoing reasons, as well as those outlined in *McCallon v. Key Energy Servs., LLC*, 20-635 (La.App. 3 Cir. _____), ___ So.3d ___, we affirm the ruling of the workers' compensation judge, as amended. Key Energy Services, LLC's obligations to Plaintiff Michael McCallon are laid out in detail in the cross appeal listed above. As both parties lodged separate appeals, all costs of this appeal are assessed against Key Energy Services, LLC.

**AFFIRMED AS AMENDED.**

9